UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC C. WOLF, | Civil No. 08-4990 (PJS/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOYCE ANDERSON, H.S.A., LINDA BRANDT, P.A.-C, and C. MEAD, EMT. P. | |
| Defendants. | |

This matter is presently before the Court for the purpose of determining whether Plaintiff has complied with the requirements of the Order dated September 29, 2008. (Docket No. 4.) That order directed Plaintiff to submit one properly completed U.S. Marshal service form, (USM-285), for each defendant to be served in this matter. Plaintiff was advised that the Marshal would not be able to serve the named defendants, and that this case could not go forward, unless he submitted the documentation needed to effect service of process. The Order also expressly advised plaintiff that if he did not file his marshal service forms within thirty days, (i.e., by no later than October 29, 2008), he would be deemed to have abandoned this action, and it would be recommended that the action be summarily dismissed for lack of prosecution.

The deadline for satisfying the requirements set forth in the Order of September 29, 2008, has now expired, and plaintiff has not submitted the required marshal service forms, nor has he offered any explanation for his failure to do so. Indeed, plaintiff has not communicated with the Court at all since shortly after this action was filed, which was more

than two months ago. Therefore, based on the express warning regarding the consequences that would follow if plaintiff failed to comply with the requirements of the Court's prior order, it is now recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:      November 4, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 24, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.